UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISTY ALLEN,

    Plaintiff,

v.

FLUXTROL INC.,

    Defendant.

Case No:

Hon.

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COME, Plaintiff, Misty Allen, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant state as follows:

    1.    Plaintiff, Misty Allen is a resident of the Village of Holly, County of Oakland and State of Michigan.

    2.    Defendant, Fluxtrol Inc., (hereinafter "Fluxtrol") is a domestic profit corporation whose resident agent is Riccardo Ruffini, and whose address is 1388

Atlantic Blvd, Auburn Hills, MI 48326.

3. The events producing the original injury occurred in the County of Oakland, State of Michigan, and jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S. Code § 1331, 1367, and 1391(b) & (c).

4. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, and in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference paragraphs 1 through 4 of the complaint as fully set forth herein.

6. In or around May 2021, Defendant hired Plaintiff as a shop technician.

7. In or around May 2022, Plaintiff informed Defendant that she would need maternity leave for her pregnancy.

8. On or about May 13, 2022, Plaintiff began her scheduled and approved maternity leave.

9. On or about May 24, 2022, Plaintiff gave birth.

10. On or about July 6, 2022, Plaintiff contacted her employer inquiring

when she could return to work.

11. Later, on July 6, 2022, Defendant texted Plaintiff and informed her that her employment was terminated.

12. Defendant's termination of Plaintiff was an adverse employment action taken by Defendant due to Plaintiff's pregnancy in violation of Title VII and the ELCRA.

13. During the course of Plaintiff's employment, she never had any disciplinary actions taken against her.

14. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around July 15, 2022.

15. On June 20, 2023 the Equal Employment Opportunity Commission issued a Right to Sue letter.

**COUNT I**
**PREGANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000d, *ET. SEQ.*, AS AMENDED BY THE PREGANCY DISCRIMINATION ACT OF 1978, Pub. L. 95-555.**

16. Plaintiff incorporates by reference paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or harassment from her employer and/or supervisors based upon her sex/gender.

3

18. Pregnancy and childbirth are characteristics of Plaintiff's sex/gender as a female and included in Plaintiff's protection from sex discrimination under the Title VII, as amended by the Pregnancy Discrimination Act.

19. Defendant took adverse employment actions against Plaintiff as a result of Plaintiff's sex/gender and because she was a woman who had recently become pregnant.

20. Defendant is Plaintiff's employer within the meaning of Title VII.

21. Plaintiff is entitled to compensatory damages pursuant to the Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

22. Plaintiff is entitled to exemplary and/or punitive damages pursuant to Title VII for Defendant's intentional discrimination against Plaintiff and reckless indifference to Plaintiff's federally protected rights as a pregnant woman under Title VII.

23. Defendant and its agents, employees and representatives, breached and violated its duties to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in and/or failing to prevent or stop sex/gender discrimination in the workplace;

   b. Taking adverse employment action against Plaintiff on the basis of her pregnancy, a characteristic of her sex/gender by terminating her employment.

24. Defendant owed Plaintiff a duty as a pregnant woman, to adequately advise its employees to refrain from discriminating against Plaintiff, a pregnant woman.

25. As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

26. Defendant treated Plaintiff differently than similarly situated employees that were not pregnant by taking adverse employment actions against her.

27. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, *ET SEQ*.

28. Plaintiff incorporates by reference paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.* Plaintiff is guaranteed the right to be free from discriminatory treatment from her employer and/or supervisors based upon her sex/gender and pregnancy.

30. Pregnancy and childbirth are characteristics of Plaintiff's sex/gender and are included in Plaintiff's protection from sex/gender discrimination under the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.*

31. Defendant is Plaintiff's employer within the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.*

32. Plaintiff has been subjected to discriminatory treatment based upon her sex/gender by Defendant, its employees, and agents to the point where her status as an employee has been detrimentally affected.

33. Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.* as a result of each and every violation of the act, including costs and reasonable attorney's fees.

34. Defendant and its agents, employees and representatives, breached and violated its duties to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in and/or failing to prevent or stop sex/gender discrimination in the workplace;

   b. Taking adverse employment action against Plaintiff on the basis of her pregnancy, a characteristic of her sex/gender.

35. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

36. As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

37. Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

    Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: September 14, 2023

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Misty Allen, by and through her attorneys, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

                                    Respectfully submitted,

                                  **BATEY LAW FIRM, PLLC**

                              By: /s/ Scott P. Batey
                                  SCOTT P. BATEY (P54711)
                                  Attorney for Plaintiff
                                  30200 Telegraph Road, Suite 400
                                  Bingham Farms, Michigan 48025
                                  (248) 540-6800-telephone
                                  (248) 540-6814-fax
                                  sbatey@bateylaw.com

Dated: September 14, 2023